**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>   Plaintiff,<br><br>   v.<br><br>VIJAY BODUKAM, et al.,<br><br>   Defendants. | No.  2:19-CV-0146-TLN-DMC-P<br><br><br><br>ORDER |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for the appointment of counsel, see ECF No. 17.

       The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff, who is a Spanish speaker, argues that appointment of counsel is warranted because he cannot speak English and counsel is needed to assist him preparing an opposition to defendants' motion to dismiss. Despite plaintiff's difficulties with English, the record reflects that, with the assistance of other inmates and prison staff, plaintiff has been able to articulate his claims in English. In particular, plaintiff was able to understand the Court's order dismissing his original complaint sufficient to timely file a first amended complaint which the Court is able to understand. To the extent plaintiff cites the need to file an opposition brief, the Court observes that the current motion for counsel was filed after the deadline to oppose defendants' motion had passed and after the Court issued findings and recommendations. The motion was also filed after expiration of time to file objections to the findings and recommendations. Finally, as explained in accompanying findings and recommendations addressing the merits of plaintiff's first amended complaint, the Court finds no chance of success on the merits because plaintiff has failed to state any cognizable claims.

Plaintiff's motion for the appointment of counsel contains a request for "reconsideration to file motion for summary judgment." See ECF No. 17. Plaintiff does not, however, identify any order as to which he seeks reconsideration. And, as indicated above, to the extent plaintiff seeks leave to file an opposition to defendants' motion to dismiss, the request is untimely and moot. The Court will disregard the request for "reconsideration."

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel, ECF No. 17, is denied.
2. Plaintiff's request for "reconsideration" is disregarded.
3. The Clerk of the Court is directed to terminate ECF No. 17 as a pending motion.

Dated:  August 17, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE