1

2

3

4

5

6

7

8                        **IN THE UNITED STATES DISTRICT COURT**

9                        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ROGELIO MAY RUIZ,                          No.  2:19-CV-0146-TLN-DMC-P

12                      Plaintiff,

13        v.                                     FINDINGS AND RECOMMENDATIONS

14    VIJAY BODUKAM, et al.,

15                      Defendants.

16

17             Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983. Pending before the Court is plaintiff's first amended complaint, see ECF No.

19    20.

20             The Court is required to screen complaints brought by prisoners seeking relief

21    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

27    means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

28    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PROCEDURAL HISTORY

Plaintiff initiated this action with a complaint naming the following as defendants: (1) Vijay Bodukam, (2) Bright, (3) S. Gates, and (4) J. Lewis.  See ECF No. 1.  Defendants were served and moved to dismiss.  See ECF No. 15.  Plaintiff did not oppose defendants' motion to dismiss the original complaint.  On October 16, 2019, the Court issued findings and recommendations that defendants' motion to dismiss be granted and that plaintiff's original complaint be dismissed with leave to amend.  See ECF No. 16.

In the October 16, 2019, findings and recommendations, the Court summarized plaintiff's allegations as follows:

> The. . . complaint contains multiple exhibits written in Spanish, as well as various sentences which are difficult to understand in English. Below are plaintiff's factual allegations as best understood by this Court.
>
> **Request for Orthopedic Shoes and Pain Relief**
> Plaintiff submitted multiple requests to defendant Dr. Vijay Bodukam for orthopedic shoes. See ECF No. 1, pg. 3. Plaintiff alleges that in 2014, Dr. Robert Scharffenberg, a non-party, had ordered a permanent "chrono" for plaintiff to have orthopedic shoes. Id.  Plaintiff requires these shoes because of pain related to his ankles, hips, and the uneven length of his legs. Id. He claims to not be able to stand on his feet for more than two hours a day without them. Id. After an X-ray was conducted, Bodukam allegedly denied plaintiff's requests for orthopedic shoes because he believed they were not medically necessary. Id. A non-party radiologist named Mr. Jojo told plaintiff, "Ruiz you have a piece of bone…", apparently meaning to say that plaintiff had medical issues which needed addressing. Id. Bodukam showed plaintiff a copy of the results and told him that he was "good." Id. Plaintiff disagrees with Bodukam and calls him a "liar," but it is unclear from the complaint what plaintiff alleges Bodukam lied about. Id.

/ / /

2

1
2
3
4
5
6
7

        Plaintiff was given Tylenol or ibuprofen, but the medication apparently did not alleviate his pain and instead caused him nausea. See ECF No. 1, pg. 4. On March 3, 2017, plaintiff submitted a health care appeal for orthopedic shoes. Id. On May 17, 2017, a Reasonable Accommodation Request Panel, including defendant Bright, denied plaintiff's request for orthopedic shoes and a renewal of his morphine treatment for pain. Id. at 20. The Panel denied the request because, at the time, plaintiff was transferred to Corcoran State Prison. Id. On December 5, 2017, defendant's request for orthopedic shoes was denied by defendant Deputy Director J. Lewis. See ECF No. 1, pg. 14. In his denial, Lewis cited, what appears to be, Bright's evaluation and finding that there was "no medical indication for orthotics at this time." Id; See also ECF No. 1, pg. 4. Plaintiff also submitted a request for an MRI scan, but that too was denied. Id. at 4.

8
9
10
11
12
13

        **Request for MRI Scan**
        On July 3, 2018 plaintiff submitted another request for an MRI scan. See ECF No. 1, pg. 5. Plaintiff's allegation here is difficult to understand, but it appears he requested this scan to assess the damage of a previous "at[t]ack" that he endured on February 19, 2016. Id. This attack resulted in plaintiff suffering from a broken nose, and damage to his shoulders, hands, and fingers. Id. This request was denied by doctors R. Dhillon and S. Gates and they instead ordered X-ray scans (footnote omitted) for plaintiff. Id. However, plaintiff claims that they refuse to grant him the X-ray "film photos." Id.

14

ECF No. 16, pgs. 1-3.

15
16
17

        The Court concluded the original complaint failed to state a cognizable Eighth Amendment claim against any defendant.  See ECF No. 16.  After citing the relevant legal standards, the Court analyzed each of plaintiff's claims against each defendant as follows:

18
19

        **A.**    **Request for Orthopedic Shoes and Pain Relief**
        1.    Defendant Vijay Bodukam
        Here, plaintiff has failed to state a valid 8th amendment claim against defendant Bodukam.

20
21
22
23
24
25
26
27
28

        Plaintiff claims that Bodukam deprived him of his constitutional rights by refusing to grant him an accommodation in the form of orthopedic shoes. See ECF No. 1, pg. 3. However, it appears that this denial ultimately stems from a difference of opinion between plaintiff and Bodukam, which does not give rise to an 8th Amendment claim. See Jackson, 90 F.3d at 332. Plaintiff states in his complaint that Bodukam denied his request because the X-ray scan did "…not [show] damage…" and that, in regard to his knee, he was "good."  See ECF No.1, pg. 3. This clearly demonstrates that Bodukam believed that plaintiff did not require an accommodation. Whether it was reasonable for Bodukam to reach this conclusion is not relevant for a claim of deliberate indifference, since negligence in diagnosing a prisoner's medical condition does not give rise to an 8th Amendment claim. See Estelle, 429 U.S. at 106. Nor is it dispositive that Dr. Scharffenberg had previously granted plaintiff the reasonable accommodation he now seeks. If a doctor decides on a course of treatment for a prisoner different from that of a previous doctor, that, by itself, is merely a difference of opinion. See Victory v. Barber, No. 1:05-

CV-01578-LJO-DLB-PC, 2011 WL 13142595, at *7 (E.D. Cal. Feb. 23, 2011) (dismissing inmate-plaintiff's claim for an eggcrate mattress, finding that "[e]ven if other doctors had provided plaintiff with an eggcrate mattress, that would, at most, amount to difference in medical opinion."), see also Merritt v. Cate, No. 1:11-CV-00887-GBC PC, 2012 WL 1413882 (E.D. Cal. Apr. 23, 2012). Under a theory of deliberate indifference, "…the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Here, plaintiff has not alleged facts which plausibly establish that Bodukam drew such an inference. Therefore, plaintiff has failed to state a valid claim against Vijay Bodukam.

Lastly, it should be noted that plaintiff claims that Bodukam "lied" in regard to his treatment of plaintiff. See ECF No.1, pg. 3. The court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). However, it is not clear as to what Bodukam "lied" about, or what plaintiff is referring to. Therefore, plaintiff should be granted leave to amend his complaint, and any discernable factual allegation that claims Bodukam fabricated facts will be regarded as true.

2.    Defendant Bright

Here, plaintiff has failed to state a valid 8th Amendment claim against defendant Bright.

Plaintiff's 8th Amendment claim against Bright stems from Bright's denial of plaintiff's request for orthopedic shoes and the renewal of his morphine treatment. See ECF No. 1, pgs. 4, 15, 20. From the complaint, it appears that Bright refused the shoe accommodation request because (1) no preexisting shoe accommodation was found on record and (2) plaintiff already had an upcoming appointment with his primary care provider to discuss his "feet pain…." Id. at 15. As for the denial of morphine for plaintiff's pain, Bright allegedly refused the renewal because, at that time, plaintiff was transferred to Corcoran State Prison. Id. at 20. It appears that plaintiff eventually returned to CSP in Represa, but no subsequent request for morphine was made. Beyond these denials, plaintiff makes no other factual allegations against Bright regarding his claims. Therefore, what plaintiff has pled is insufficient to establish a claim for deliberate indifference. As discussed above, deliberate indifference requires that, subjectively, a prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. In a practical sense this requires a plaintiff to set forth facts which allege that the defendant, subjectively, knew of a substantial risk of harm to plaintiff and then failed act. Id. at 837. Here, plaintiff has not alleged that Bright was aware of a substantial risk of serious harm to plaintiff. There is no mention of Bright's conduct beyond the fact that he denied plaintiff's administrative appeals for the reasons stated above. Mere administrative review is not a valid basis for deliberate indifference. See Grigsby v. Pfeiffer, No. 1:17-cv-01384-DAD-JLT (PC), 2019 U.S. Dist. LEXIS 70188, at *7-8 (E.D. Cal. Apr. 24, 2019). Therefore, plaintiff has failed to state a valid claim of deliberate indifference against Bright.

///

///

4

3.    Defendant S. Gates

Here, plaintiff has failed to state a valid 8th Amendment claim against defendant S. Gates.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, plaintiff has set forth no facts which connect Gates' alleged misconduct to the loss of plaintiff's constitutional rights. The only factual allegation made against Gates personally is that he denied plaintiff's request for an MRI scan and instead ordered X-ray scans. See ECF No. 1, pg. 5. Plaintiff does not describe how Gates's actions are associated with the denial of his requests for orthopedic shoes. Therefore, here, plaintiff has failed to establish a claim for deliberate indifference against Gates.

4.    Defendant J. Lewis

Here, plaintiff has failed to state a valid 8th Amendment claim against defendant J. Lewis.

Like plaintiff's claim against defendant Bright, plaintiff's claim of deliberate indifference against Lewis rests entirely on defendant's denial of plaintiff's administrative appeal. On December 5, 2017, Lewis denied plaintiff's appeal at the highest administrative level because: (1) plaintiff had already received evaluation and treatment, "including but not limited to: primary care provider evaluation, nursing assessment, accommodations, and medications;" and (2) Bright had decided that there was no medical "indication" for orthotics at this time. See ECF No. 1. Pg. 13. As discussed above, mere administrative review is not a valid basis for deliberate indifference. See Grigsby, 2019 U.S. Dist. LEXIS 70188, at *7-8. Plaintiff has not alleged any facts which plausibly establish that Lewis acted unnecessarily and wantonly for the purpose of inflicting harm. Therefore, plaintiff has failed to establish a claim for deliberate indifference against Lewis.

**B.    Request for MRI and Pain Relief**

1.    Defendants Bodukam, Lewis, and Bright

As to plaintiff's allegations regarding the denial of an MRI scan or medical treatment to alleviate his pain, plaintiff has failed to state a valid 8th Amendment claim against the named defendants: Bodukam, Lewis, and Bright.

To state a valid claim under 42 U.S.C. § 1983, plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer, 844 F.2d at 634. However, plaintiff's complaint is devoid of any factual allegations against the named defendants as concerns his denied requests for an MRI scan and rejected pain relief treatment. See ECF No. 1, pg. 5. The only party who

5

plaintiff identifies as associated with this particular claim is defendant Gates. Therefore, plaintiff has failed to make a causal connection between the three named defendants and his alleged constitutional deprivation and has not established an 8th Amendment claim against them.

2.      Defendant S. Gates

As to plaintiff's allegations regarding the denial of an MRI scan or medical treatment to alleviate his pain, plaintiff has also failed to state a valid 8th Amendment claim against defendant S. Gates.

Plaintiff has established that he suffers from a serious medical condition. At this stage of litigation, all alleged facts must be construed in a light most favorable to the plaintiff. See Scheuer, 416 U.S. at 236. Additionally, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines, 404 U.S. at 520. Plaintiff states that he suffered from an attack two years prior to his MRI scan request. See ECF No. 1, pg. 5. This attack resulted in a broken nose and damage to his shoulders, hands, and fingers. Id. He further claims that these injuries continued to cause him pain and that Gates ultimately decided that they warranted X-ray scans. Id. From these allegations, it can reasonably be inferred that plaintiff suffered from chronic pain and that it warranted medical action by his care takers. Such conditions may serve as the basis for an 8th Amendment claim. See Lopez, 203 F.3d at 1131-32. Therefore, plaintiff has set forth facts which plausibly establish that he suffered from a serious medical condition.

However, plaintiff has failed to establish that Gates acted with deliberate indifference. As discussed above, a difference of opinion between a prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson, 90 F.3d at 332. Here, plaintiff's claim stems from the fact that R. Dhillon, a non-party doctor, and Gates refused to order an MRI scan and instead ordered X-ray scans. See ECF No. 1, pg. 5. However, Gates is neither alleged to have fully denied or delayed medical treatment. Plaintiff's complaint does not allege that Gates acted unnecessarily and wantonly for the purpose of inflicting harm. Nor does plaintiff allege that Gates, in selecting X-ray scans instead of an MRI scan consciously disregarded a known substantial risk of serious harm. From plaintiff's complaint, this appears to mere be a difference of opinion as to the appropriate course of treatment. Therefore, plaintiff has failed to state a valid 8th Amendment claim.

ECF No. 16, pgs. 6-10.

On January 7, 2020, the assigned District Judge adopted the October 16, 2019, findings and recommendations in full. See ECF No. 19. Plaintiff was directed to file a first amended complaint within 30 days of the date of the District Judge's order. See id. Plaintiff filed his first amended complaint on January 23, 2020. See ECF No. 20. On February 6, 2020, defendants requested that the Court screen plaintiff's first amended complaint and that the time to respond thereto be extended to 30 days from the date of any order determining service of the first amended complaint is appropriate. See ECF No. 22. The Court granted defendants' request. See

1    ECF No. 23.

2

3                          **II.  PLAINTIFF'S ALLEGATIONS**

4          As with the original complaint, plaintiff names the following as defendants in the

5    first amended complaint: (1) Vijay Bodukam, (2) Bright, (3) S. Gates, and (4) J. Lewis.  <u>See</u> ECF

6    No. 20.

7          Plaintiff alleges that defendant Bodukam, a prison doctor, denied his request for

8    orthopedic shoes.  <u>See</u> <u>id.</u> at 3.  Plaintiff states he was told by defendant Bodukam that his "knee

9    is good because [plaintiff] can walk."  <u>Id.</u>   While plaintiff acknowledges that x-ray scans were

10   obtained, plaintiff alleged he was denied an MRI scan.  <u>See</u> <u>id.</u>  According to plaintiff, he had a

11   "chrono" from a doctor at a different prison authorizing orthopedic shoes which defendant

12   Bodukam ignored.  <u>See</u> <u>id.</u>  Plaintiff states that he cannot walk or work for more than two hours

13   due to swelling in his feet and knees.  <u>See</u> <u>id.</u>

14         Next, plaintiff alleged that defendant Bright, also a prison doctor, denied his

15   request for an "accommodation" for orthopedic shoes.  <u>See</u> <u>id.</u> at 4.  Plaintiff again alleges that

16   this decision was rendered despite defendant's knowledge of a "chrono" from a doctor at a

17   different prison authorizing orthopedic shoes.

18         Plaintiff also alleges that defendant Gates, another prison doctor, denied him

19   orthopedic shoes in September 2018.  <u>See</u> <u>id.</u> at 5.  According to plaintiff, defendant Gates

20   performed an examination, checked both feet and knees, and reviewed plaintiff's medical records.

21   <u>See</u> <u>id.</u>  Plaintiff states he informed defendant Gates that he was in pain and had a "chrono" for

22   orthopedic shoes.  <u>See</u> <u>id.</u>  Plaintiff also claims defendant Gates "denied to granted [sic] my

23   request appeal 602 H.C. [health care]."  <u>Id.</u>

24         While plaintiff alleges severe pain, he does not, as in the original complaint,

25   appear to allege the denial of pain medication as supporting an independent Eighth Amendment

26   claim.  Rather, his current allegations focus on the denial of orthopedic shoes despite defendants'

27   knowledge of a "chrono" authorizing orthopedic shoes previously issued by a doctor at a different

28   prison.

### III. DISCUSSION

Plaintiff's first amended complaint alleges violations of his Eighth Amendment right to adequate health care.  The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

///

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Having considered the allegations in the first amended complaint in light of these standards, as well as the Court's prior order granting defendants' motion to dismiss the original complaint, the Court makes the following findings and recommendations.

### A.    Defendant Lewis

In the original complaint, plaintiff alleged defendant Lewis is liable for denying his inmate health care grievance (602) related to orthopedic shoes, pain medication, and an MRI scan.  In the first amended complaint, plaintiff has set forth no allegations specific to defendant Lewis, whom the Court now finds should be dismissed with prejudice

### B.    Defendant Gates

As outlined above, plaintiff alleges that defendant Gates denied him orthopedic shoes in September 2018.  Plaintiff, however, acknowledges that this denial followed an examination during which defendant Gates checked both feet and knees and reviewed plaintiff's medical records.  See id.  Because plaintiff alleges defendant Gates performed an examination, it

9

1    cannot be said that defendant Gates was deliberately indifferent.  Further, defendant Gates'

2    decision not to accept plaintiff's desired course of treatment does not sustain a cognizable Eighth

3    Amendment claim.  These defects, which were present in the original complaint and formed the

4    basis of dismissal, persist in the first amended complaint.  The Court now recommends defendant

5    Gates be dismissed with prejudice.

6          **C.      Defendant Bright**

7               In the first amended complaint, plaintiff alleges somewhat vaguely that defendant

8    Bright denied him an "accommodation" for orthopedic shows.  As with the original complaint,

9    however, this allegation appears to rest solely on defendant Bright's review of plaintiff's health

10   care grievance submitted following the denial of orthopedic shoes by defendant Bodukam.  In

11   particular, plaintiff attaches defendant Bright's "Director's Level Decision."  In this decision,

12   defendant Bright noted:

13               Records indicate you are enrolled in the Chronic Care Program, where
                your medical conditions and medication needs are closely monitored.
14              Documentation supports that you have received evaluation and treatment
                including but not limited to:  primary care provider evaluation, nursing
15              assessment, accommodations, and medications.  On August 29, 2017, you
                were seen and evaluated by the primary care provider who informed you
16              there was no medical indication for orthotics at this time.  An approved
                CDCR 7410, Comprehensive Accommodation Chrono, dated February 14,
17              2017, shows permanent bottom bunk.  On October 9, 2017, you were
                evaluated by nursing staff for your complaint of bilateral feet, lower back,
18              and left knee pain.  You were advised of an appointment with the primary
                care provider, which is pending scheduling, where you can discuss pain
19              management.

20               ECF No. 20, pg. 11.

21               As has been previously explained to plaintiff, mere administrative review is not a

22   valid basis for an Eighth Amendment deliberate indifference claim. See Grigsby v. Pfeiffer, No.

23   1:17-cv-01384-DAD-JLT (PC), 2019 U.S. Dist. LEXIS 70188, at *7-8 (E.D. Cal. Apr. 24, 2019).

24   Beyond defendant Bright's involvement in plaintiff's grievance, plaintiff has not alleged any facts

25   to show that defendant Bright was deliberately indifferent to a serious medical need.  The Court

26   finds defendant Bright should be dismissed with prejudice.

27   / / /

28   / / /

10

1         **D.**    **Defendant Bodukam**

2         The gravamen of plaintiff's claim against defendant Bodukam is that he was

3  deliberately indifferent when he denied orthopedic shoes despite his knowledge that a doctor at a

4  different prison had previously prescribed orthopedic shoes.  As the Court previously explained,

5  if a doctor decides on a course of treatment for a prisoner different from that of a previous doctor,

6  that, by itself, is merely a difference of opinion. See Victory v. Barber, No. 1:05-CV-01578-LJO-

7  DLB-PC, 2011 WL 13142595, at *7 (E.D. Cal. Feb. 23, 2011) (dismissing inmate-plaintiff's

8  claim for an eggcrate mattress, finding that "[e]ven if other doctors had provided plaintiff with an

9  eggcrate mattress, that would, at most, amount to difference in medical opinion."), see also

10  Merritt v. Cate, No. 1:11-CV-00887-GBC PC, 2012 WL 1413882 (E.D. Cal. Apr. 23, 2012).

11  Moreover, plaintiff's current allegations indicate that defendant Bodukam's assessment was based

12  on an evaluation of, at a minimum, available diagnostic data.  As such, defendant Bodukam was

13  not deliberately indifferent.  Defendant Bodukam should also be dismissed with prejudice.

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

# IV.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by further amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed in its entirety without further leave to amend and with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 17, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE